UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM VOSS, SHARON JOHNSON, and HAROLD WAMPLER, | Civil No. 06-3728 (JRT/AJB) |
| BURTON GRINER, | Civil No. 07-1584 (JRT/AJB) |
| ANNE BEARDSLEY, | Civil No. 07-1661 (JRT/AJB) |
| RICHARD KIRKES, WILLIAM LAUFENBERG, and BILLIE JOHNSON, | Civil No. 07-1862 (JRT/AJB) |
| VICTORIA PARR, | Civil No. 07-2999 (JRT/AJB) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTIONS TO SEVER AND TRANSFER AND MOTIONS TO TRANSFER** |
| JOHNSON & JOHNSON, ORTHO MCNEIL PHARMACEUTICAL, INC., and JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT, INC., | |
| Defendants. | |

J. Gordon Rudd, Jr. and Stacy K. Hauer, **ZIMMERMAN REED, PLLP**, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402-4123; Lewis J. Saul and Jennifer L. Frank, **LEWIS SAUL & ASSOCIATES**, 183 Middle Street, Portland, ME 04102, for plaintiffs.

Bradley J. Lindeman, Jennifer E. Ampulski, Michael D. Hutchens, and William H. Robinson, Jr., **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402; William H. Robinson, Jr.,

**WRIGHT, ROBINSON, OSTHIMER & TATUM**, 5335 Wisconsin Avenue NW, Suite 920, Washington, DC 20015, for defendants.

Plaintiffs brought five separate actions against defendants alleging they suffered tendon injuries after taking an antibiotic drug manufactured and sold by defendants. Defendants filed the instant motions to sever and transfer venue for six of the nine plaintiffs in these cases, arguing that these six plaintiffs are non-Minnesota residents with no apparent contacts to this forum. For the reasons discussed below, the Court denies defendants' motions without prejudice.

**BACKGROUND**

Defendants are pharmaceutical companies based in New Jersey and Delaware that manufacture and sell Levaquin, an antibiotic drug introduced in the United States in 1997. Levaquin is in a class of antibiotic drugs known as fluoroquinolones. Beginning in 1996, the United States Food and Drug Administration ("FDA") required fluoroquinolones to carry a warning concerning the possibility of tendon rupture associated with the use of the drugs. Levaquin was subject to the FDA warning requirement regarding possible tendon rupture.

Plaintiffs brought separate actions[1] alleging that they suffered tendon injuries after taking Levaquin. Plaintiffs have asserted various causes of action against defendants, including claims under the Minnesota False Advertising Act, the Minnesota Consumer

---

[1] The five separate cases were transferred to this Court as related cases pursuant to the Court's orders dated April 27, 2007 and June 27, 2007.

Fraud Act, and common law negligence and fraud. Plaintiffs argue generally that Levaquin is defectively designed because the risk of injury associated with Levaquin is substantially greater than with other fluoroquinolones, and that defendants failed to report post-market data regarding the high risk of tendon injury associated with Levaquin.

Defendants filed these motions to transfer venue with respect to six of the nine plaintiffs involved in these cases.[2] Defendants argue that these six plaintiffs are non-Minnesota residents with no apparent contacts in Minnesota, and that their claims should therefore be transferred to their home judicial districts pursuant to 28 U.S.C. § 1404(a).

**ANALYSIS**

**I.     OTION TO TRANSFER VENUE**

The Court examines three factors under 28 U.S.C. § 1404(a) when deciding a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The moving party must show that the balance of these factors "strongly favors" transfer. *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1179 (D. Minn. 1996). Ultimately, the decision to transfer a case is committed to the discretion of the district court. *Terra Int'l, Inc.*, 119 F.3d at 691.

---

[2] Specifically, defendants move to sever and transfer the claims of plaintiffs Harold Wampler (File No. 06-3728) and Billie Johnson and William Laufenberg (File No. 07-1862). Defendants move to transfer the claims of Anne Beardsley (File No. 07-1661), Burton Griner (File No. 07-1584), and Victoria Parr (File No. 07-2999).

The purpose of transfer under § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted).  If transfer of venue is warranted with respect to claims of an individual plaintiff, the Court may sever those claims and transfer them to a judicial district in which they could have been brought.  *See* Fed. R. Civ. P. 21 (providing that "[a]ny claim against a party may be severed and proceeded with separately"); *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 496 (D.N.J. 1998).

### A. Convenience of the Parties and Witnesses

In considering the convenience of the parties, courts afford significant weight to the plaintiff's choice of forum.  *K-Tel Int'l, Inc. v. Tristar Prods., Inc.*, 169 F. Supp. 2d 1033, 1045 (D. Minn. 2001).  Although courts afford less deference to the plaintiff's choice when the plaintiff does not reside in the selected forum, *Nelson v. Soo Line Ry. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999), the mere fact that a case is heard in a foreign state is not by itself an adequate reason to transfer venue.  *See Hughes v. Wheeler*, 364 F. 3d 920, 925 (8th Cir. 2005).  Section 1404(a) allows for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer."  *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999).

Defendants argue that it is more convenient for the parties to litigate in the plaintiffs' respective home jurisdictions because many of the events giving rise to this litigation took place there.  Defendants note, for example, that plaintiffs' alleged injuries were sustained in their home jurisdictions, and that evidence related to these injuries is located outside of Minnesota.  Even so, the Court finds that defendants have not overcome the presumption in favor of the plaintiffs' choice of forum by showing it would be more convenient for the parties to litigate outside of Minnesota.  The Court is not persuaded that trying these related cases outside of Minnesota would be more convenient for defendants, who would have to travel from New Jersey or Delaware to defend nearly identical actions in five different judicial districts.  *Cf. Broadcom Corp. v. Agere Sys.*, 2004 WL 1176168, at *3 (W.D. Wis. May 20, 2004) (finding that convenience of parties is furthered by transferring action to district in which a related case is pending).  Nor would it necessarily be more convenient for plaintiffs to litigate in their home jurisdictions, since they will likely benefit from the judicial economy and reduction in costs that would be associated with trying five related cases before this Court.  *Cf. Telebrands Corp. v. Wilton Indus., Inc.*, 983 F. Supp. 471, 478 (S.D.N.Y. 1997).

Regarding the convenience to witnesses, courts generally focus on a number of factors including the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions. *Graff*, 33 F. Supp. 2d at 1121.  Defendants argue that the prescribing and treating physicians are located in the six plaintiffs' home jurisdictions, and that additional non-party fact witnesses and experts will need to be called who are located outside of Minnesota.  Plaintiffs counter that the

key issues of causation and liability will turn on the properties of Levaquin and defendants' testing and promotion of the drug, and not on whether they took Levaquin as prescribed by their treating physicians.

The Court finds that, at this early stage of the proceedings, defendants have not shown that it would be more convenient for potential witnesses to have these cases adjudicated in plaintiffs' home judicial districts.  In particular, to the extent plaintiffs' claims concern alleged design defects and corporate practices with respect to Levaquin, much of the relevant evidence may come from corporate employees and documents.  *See Klein v. Sandoz Pharms. Corp.*, 1996 WL 204495, at *2 (E.D.N.Y. 1996) (finding that the "most critical witnesses" in a product liability suit against a pharmaceutical company were the employees who had helped develop and manufacture the drugs at issue).  The Court is not persuaded that it would be more convenient for these potential witnesses to testify in five trials in five different judicial districts.  Nonetheless, the relevant witnesses and evidence may change as the factual disputes and legal claims in these actions are developed through discovery.  It is possible that, upon completion of discovery, the convenience of the witnesses will militate in favor of transfer.  As such, defendants will not be precluded from raising this issue at a later time.  At this time, however, the Court finds that the convenience of witnesses weighs against transfer.

### B.     Interest of Justice

In determining whether the interest of justice factor warrants transfer, courts consider the relative familiarity of the law to be applied, the relative ability of parties to

bear the costs of litigating in a distant forum, judicial economy, and the plaintiff's choice of forum. *Graff*, 33 F. Supp. 2d at 1122. Defendants argue that transfer is in the interest of justice because litigation in the plaintiffs' home jurisdictions is more convenient for the parties and witnesses. As discussed above, however, the Court finds that these factors do not "strongly favor[]" transfer to plaintiffs' home jurisdictions. *Brockman*, 923 F. Supp. at 1179. Further, the Court finds that these five related actions raise nearly identical issues, such that keeping the cases in this district will further judicial economy, avoid potentially inconsistent rulings, and may help reduce the parties' litigation costs.[3] *See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) (stating that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404 (a) was designed to prevent").

In sum, the Court finds that the convenience of parties and witnesses and the interest of justice do not warrant transfer of these actions to the six plaintiffs' home jurisdictions. As discussed above, however, defendants will not be precluded from raising this issue again if it appears, upon completion of discovery, that the balance of factors under § 1404(a) favors transfer. Defendants' motions are therefore denied without prejudice.

---

[3] Indeed, the similarity of issues raised in these actions may warrant consolidation of cases as pre-trial litigation matures. *See, e.g.*, *Waller v. Burlington N. R.R. Co.*, 650 F. Supp. 988, 991 (N.D. Ill. 1987) (noting that courts have a general expectation that "consolidation of related actions will occur in the transferee district, thus promoting judicial and litigant economy").

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendants' Motions to Sever and Transfer [File No. 06-3728, Docket No. 18; File No. 07-1862, Docket Nos. 14 and 17] are **DENIED without prejudice**.

2.  Defendants' Motions to Transfer [File No. 07-1584, Docket No. 17; File No. 07-1661, Docket No. 15; File No. 07-2999, Docket No. 16] are **DENIED without prejudice**.

DATED:   March 12, 2008  
at Minneapolis, Minnesota.

                                  s/ John R. Tunheim  
                                   JOHN R. TUNHEIM  
                                  United States District Judge